OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted after a jury trial of criminal possession of a controlled substance in the first degree. The evidence at trial disclosed that, among other things, 9.47 ounces of cocaine, and a blue notebook containing entries in defendant’s handwriting recording cocaine sales, were found in defendant’s room in his family’s home. Defendant argues that the trial court erred under People v Molineux (168 NY 264), and its progeny, by allowing the blue notebook into evidence, along with expert testimony identifying defendant’s handwriting and explaining the significance of the book’s entries, because defendant was not charged with a criminal sale of a controlled substance.
Defendant was in Aruba at the time his room was searched and the evidence was seized and his codefendant was found hiding in the room. Defendant’s central contention at trial was that he did not occupy the room where the drugs were found, and did not have dominion and control over the contraband. We have held that a trial court, in the exercise of its discretion and with a proper limiting instruction to the jury, may allow "[ejvidence of prior uncharged crimes [to] be received, if it helps to establish some element of the crime under consideration” (People v Alvino, 71 NY2d 233, 241). Here, the blue notebook was relevant to show that defendant exercised dominion and control over the drugs, even though he was out of the country at the time of the search and others had access to the room, and to refute defendant’s contention that he did not occupy the room where the contraband was found. Thus admission was not automatically barred under People v Molineux (supra), nor did the trial court, which gave an appropriate cautionary instruction, abuse its discretion by allowing the blue notebook and the explanatory expert testimony into evidence in this particular case.
We have examined defendant’s remaining contentions and conclude that they are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.