■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ROLDAN, Appellant.—Judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered September 28, 1988, convicting defendant, after a jury trial, of

criminal sale of a controlled substance in the first degree (Penal Law § 220.43) and sentencing him to an indeterminate term of imprisonment of 15 years to life, unanimously affirmed.

The court did not commit error in failing to charge that cocaine found in the parking lot had to be proved to have been the cocaine offered for sale in the apartment of the undercover officer. The evidence herein, sale of narcotics to the officer in the apartment, and his subsequent testing of the bag of cocaine, which exceeded two ounces, was sufficient to establish defendant's guilt beyond a reasonable doubt. Penal Law § 220.43 requires the sale of a narcotic drug of two or more ounces and does not require any element specifying the location of the drugs. The quantity of cocaine recovered in the parking lot was evidence, not an element of the crime.

The court's instruction on reasonable doubt, which properly directed the jury's attention to each element of the crime, was not improper. Nor was it error to permit introduction into evidence of certain of defendant's records which purported to relate to numerous drug sales. This evidence was probative to counter defendant's strategy of denying participation in a drug business, of claiming that he had been set up, and of attempting to distance his apartment, where the sale and arrest occurred, from a kilo of cocaine found outside of his window. *(See generally, People v Alvino,* 71 NY2d 233, 241-242 [1987]; *People v Satiro,* 72 NY2d 821 [1988].)* Concur—Kupferman, J. P., Carro, Asch, Kassal and Smith, JJ.