■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DOMBROWSKI, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from his conviction for first degree robbery,

first degree criminal use of a firearm, and first degree unauthorized use of a motor vehicle, stemming from the robbery of three occupants of a restaurant in Buffalo. Defendant alleges several grounds for error but we address only two. We agree that defendant was denied the effective assistance of counsel and denied a fair trial because of prosecutorial misconduct. Accordingly, we reverse and grant a new trial.

Review of the trial evidence reveals that the proof against defendant was far from overwhelming. Although two restaurant employees who testified for the People identified defendant as the robber, a customer who had been seated next to the robber testified that defendant was not the robber. Defendant presented the alibi testimony of the woman with whom he lived, Catherine Hartel, and there was evidence from another defense witness that defendant's appearance on the date of the incident varied from the description given by the victims.

Defense counsel committed numerous errors, the cumulative effect of which deprived defendant of the effective assistance of counsel. He failed to move for dismissal of the indictment on the ground that defendant's waiver of immunity was defective (see, CPL 190.45), and such motion would have been successful (see, People v Higley, 70 NY2d 624; People v Gerald, 91 Misc 2d 509). Although the issue of identity was critical, counsel made no motion for a Wade hearing. We perceive no tactical reason for counsel's failure to move to suppress the identification evidence. Counsel also failed to move for discovery or for Brady material. At trial, defense counsel failed to elicit the significant exculpatory fact that a fingerprint lifted from a beer bottle held by the robber was not that of defendant. Finally, counsel failed to object to numerous instances of prosecutorial misconduct that subjected critical defense witnesses to impermissible attacks on their credibility, that impermissibly attacked the credibility of the nontestifying defendant, and shifted the burden of proof. It is apparent from the record that counsel had not familiarized himself with the case and had not adequately prepared for trial. Such failure deprived defendant of "meaningful representation" (People v Baldi, 54 NY2d 137, 147; see, People v Droz, 39 NY2d 457).

Reversal of defendant's conviction is also compelled as a result of the egregious misconduct of the prosecutor, both on cross-examination of the defense witnesses and on summation. During cross-examination of Hartel, defendant's principal alibi witness, the prosecutor elicited the fact that Hartel had taken a polygraph test, and asked, "Didn't come out that you were

telling the truth, did it?" It was not only improper to inquire about the polygraph test, but the prosecutor knew that the test had shown that Hartel was telling the truth and improperly suggested the opposite. Objection by defense counsel, who was obviously unaware of the favorable result, cut off the questioning with the impression that Hartel had lied. In an extended line of questioning, the prosecutor alluded to defendant's involvement with Hartel in an alleged scheme of welfare fraud. Compounding that misconduct, the prosecutor on summation argued to the jury that defendant "gave a phony address" and that he and Hartel "were cheating the Welfare Department." The prosecutor also characterized Hartel's testimony as "hogwash" and "baloney". Further, he improperly remarked on Hartel's failure to testify with respect to defendant's appearance on the day of the incident. Most egregiously, without any basis in the evidence, the prosecutor implied that the restaurant customer who testified for the defense was defendant's accomplice, had connections with criminal elements and shared in the proceeds of the robbery.

We conclude that the "deliberate and pervasive pattern of prosecutorial misconduct" deprived defendant of a fair trial, thus requiring reversal of his conviction (*People v Mott*, 94 AD2d 415; *see, People v Broadus*, 129 AD2d 997, *lv denied* 70 NY2d 643; *People v Rubin*, 101 AD2d 71, 77). The prosecutor violated clear evidentiary rules, shifted the burden of proof, referred to irrelevant and inflammatory matters, denigrated the defense, stated his personal opinion whether witnesses were lying or telling the truth, and called upon the jury to draw inferences that were not fairly supported by the evidence (*People v Ashwal*, 39 NY2d 105, 109-110; *People v Alicea*, 37 NY2d 601, 604; *People v Grice*, 100 AD2d 419, 420, 422; *People v Mott, supra; People v Stewart*, 92 AD2d 226, 230-231). Because the instances of prosecutorial misconduct were flagrant and closely related to the credibility issues presented at trial, they substantially prejudiced defendant's case and deprived him of a fair trial. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.