OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and
 
 *947
 
 the case remitted to that Court for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]) and issues raised but not considered on the appeal to that Court.
 

 The question presented is whether defendant was improperly denied the right to be present when his counsel moved, in his absence, to withdraw a prior motion to controvert the findings of competency by medical experts who had examined defendant at the court’s request, pursuant to CPL 730.30, and joined in the People’s motion to confirm those reports. Counsel did so because the psychiatrist who examined defendant at his request agreed that defendant was competent to stand trial.
 

 A defendant has a constitutional and statutory right to be present at all material stages of the trial
 
 (Snyder v Massachusetts,
 
 291 US 97;
 
 People v Mullen,
 
 44 NY2d 1;
 
 Maurer v People,
 
 43 NY 1; CPL 260.20). We have interpreted those stages to include impanelling the jury, introduction of evidence, summing up to the jury, the charge of the court, and receiving and recording the verdict
 
 (see, Maurer v People, supra).
 
 Moreover, we have held that a defendant has a right to be present at ancillary proceedings when he or she may have "something valuable to contribute”
 
 (People v Morales,
 
 80 NY2d 450, 456) and when defendant’s presence would have a "substantial effect on [his or her] ability to defend against the charges”
 
 (People v Sloan,
 
 79 NY2d 386, 392). For example, we have required the defendant’s presence at
 
 Sandoval
 
 hearings
 
 (People v Dokes,
 
 79 NY2d 656), the voir dire of prospective jurors
 
 (People v Sloan, supra)
 
 and a hearing on a motion to suppress
 
 (People v Anderson,
 
 16 NY2d 282). In such situations, the defendant may possess unique factual knowledge necessary to refute offers of proof by the People, or may assist counsel in evaluating and acting upon events which unfold during the course of the proceeding. By contrast, we have held the defendant’s presence is not required where counsel presses legal positions to which the defendant has nothing of value to contribute, such as precharge conferences
 
 (People v Velasco,
 
 77 NY2d 469), discussions of the sufficiency of a read back
 
 (People v Rodriguez,
 
 76 NY2d 918), or conferences addressing the declaration of a mistrial
 
 (People v Ferguson,
 
 67 NY2d 383, 390). We conclude that this ancillary proceeding involving the withdrawal of a motion to controvert prior findings of competency, based upon counsel’s legal judgment that the defense has an insufficient basis to contest them, was a proceeding at which defendant’s presence was not required.
 

 Appellate counsel makes much of the fact that defendant’s
 
 *948
 
 trial lawyer — after acknowledging that his expert found defendant competent to proceed — stated that the expert found "some psychological problems, apparently my client may be operating under some delusions”. Under those circumstances, counsel claims, defendant’s presence was required so that the court could observe him and inquire further into his condition. At the time defense counsel moved to withdraw his motion, the court had before it the medical reports of four experts concerning defendant’s condition, as well as counsel’s statement of the latest results of a fifth examination, and the court had recently observed defendant in the courtroom. If the court was satisfied of defendant’s competence to proceed on the basis of this evidence, it was not obliged to hold a hearing or to order defendant produced. Insofar as defense counsel’s statement concerning delusions may have raised additional issues for the court, it had the authority, and the continuing obligation, to address that evidence at any time it believed circumstances warranted a hearing
 
 (see,
 
 CPL 730.30;
 
 People v Gensler,
 
 72 NY2d 239, 244-245;
 
 People v Armlin,
 
 37 NY2d 167, 171;
 
 People v Bangert,
 
 22 NY2d 799).
 

 In sum, the proceeding before the court involved only an application to withdraw a prior motion to contest. There was no hearing and no significant factual inquiry beyond that which had transpired earlier in the proceedings. Under such circumstances, defendant’s absence did not violate his constitutional or statutory right to be present.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.