■ The People of the State of New York, Respondent, v Bruce Brandl, Appellant. [648 NYS2d 402] —Judgment unanimously affirmed. Memorandum: The contention of defendant that reversal is required by the failure of the People to produce *Brady* and *Rosario* material is not preserved for our review because defense counsel failed to make appropriate timely objections when the alleged violations came to his attention (*see, People v Padro,* 75 NY2d 820, *rearg denied* 75 NY2d 1005, *rearg dismissed* 81 NY2d 989; *People v Fedora,* 186 AD2d 982, *lv denied* 81 NY2d 762). Were we to review that contention, we would conclude that there was no *Brady* or *Rosario* violation because the material in question was made available to defendant prior to trial and defense counsel had a meaningful opportunity to use it (*see, People v Cortijo,* 70 NY2d 868; *People v Poole,* 48 NY2d 144, 148-149).

We reject defendant's contentions that the proof is legally insufficient and that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Finally, upon our review of the record, we conclude that, although defendant did not receive error free representation, he received meaningful representation (*see, People v Claitt,* 222

AD2d 1038; *see also, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Erie County Court, Sheridan, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.