■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HOWARD, Appellant. [690 NYS2d 347] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts each of criminal possession and criminal sale of a controlled substance in the third degree (Penal Law §§ 220.16, 220.39). We reject his contention that County Court erred in admitting into evidence the testimony of the undercover officer that, immediately following his purchase of cocaine from defendant, a woman greeted defendant by saying, "Hi Rayray." That testimony is not hearsay. It was not an out-of-court statement offered for the truth of the matter asserted (*see,* Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]) but rather was offered "as the basis of an inference for another relevant fact", i.e., defendant's identification (Fisch, New York Evidence § 763, at 453 [2d ed 1977]; *cf., People v Jordan,* 135 AD2d 652, 653, *lv denied* 71 NY2d 898). We further reject the contention of defendant that the People failed to provide him with *Brady* material. The failure of the police to find latent fingerprints on one of the plastic bags delivered to the undercover officer was not exculpatory (*see, People v Woodrich,* 212 AD2d 998, *lv denied* 85 NY2d 945; *People v Owens,* 108 AD2d 1014). In any event, defendant was afforded a meaningful opportunity to use the allegedly exculpatory information at trial (*see, People v Cortijo,* 70 NY2d 868, 870; *People v Rivas,* 214 AD2d 996, 997, *lv denied* 86 NY2d 801). Contrary to the contention of defendant, the evidence is legally sufficient to establish that the substance possessed and sold by him was cocaine (*see generally, People v Bleakley,* 69 NY2d 490, 495). The testimony of the forensic chemist established that the test results were sufficiently authenticated (*see, People v Castle,* 251 AD2d 891, *lv denied* 92 NY2d 923; *People v McTootle,* 197 AD2d 597, *lv denied* 87 NY2d 975). Nor is the verdict against the weight of the evidence (*see, People v Bleakley, supra,* at 495; *People v Christian* [appeal No. 1], 139 AD2d 896, *lv denied* 71 NY2d 1024). Finally, the court properly denied defendant's application for discovery of the undercover officer's personnel records (*see, People v Gissendanner,* 48 NY2d 543, 549-550; *People v Henry,* 242 AD2d 877, *lv denied* 91 NY2d 834).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment

of Genesee County Court, Morton, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Pine, Lawton and Hurlbutt, JJ.