■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWNDELL J. DUVALL, Appellant. [894 NYS2d 709]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered June 3, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). Contrary to the contention of defendant, Supreme Court properly admitted in evidence an application for cellular telephone service found in the pocket of a coat that was recovered from the scene of his arrest. The People did not offer the application as evidence that defendant was applying for such service or for the truth of the particular statements contained therein. Rather, the application was offered as circumstantial evidence of defendant's ownership or possession of the coat and thus was not hearsay (*see generally People v Voymas*, 39 AD3d 1182, 1184 [2007], *lv denied* 9 NY3d 852 [2007]; *People v Howard*, 261 AD2d 841 [1999], *lv denied* 93 NY2d 1020 [1999]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). It cannot be said that the jury failed to give

the evidence the weight it should be accorded (*see id.*). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.