================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 8
The People &c.,
            Respondent,
        v.
Sandra Diaz,
            Appellant.

        Katharine Skolnick, for appellant.
        Karen Schlossberg, for respondent.

MEMORANDUM:

        The order of the Appellate Division should be affirmed.

        Early in the morning of April 8, 2009, police officers

executed a search warrant at an apartment in a building located

in Manhattan.  The officers had been investigating this address

for potential illegal drug activity for almost a year.  Defendant

- 1 -

Sandra Diaz and her three children, her 10-year-old niece and Matias Rivera, her children's father, were present in the apartment. When the police entered, defendant was standing in her "bedroom attire" in the doorway of a bedroom. Inside this bedroom, in several different locations, the officers discovered approximately 30 bundled glassine envelopes of what was later identified as heroin; 26 glassine envelopes containing what subsequently tested positive for heroin residue; a bottle containing 35 pills of what was later determined to be Suboxone, a maintenance drug used to treat heroin addiction; and numerous items of drug paraphernalia. The dresser drawer where some of these items were found also contained defendant's ink pad, her mail and her son's health insurance card. No contraband was discovered elsewhere in the apartment, where both Rivera and defendant told the police they resided; defendant's name was on the lease and the Con Ed account.

Defendant and Rivera were jointly charged with one count each of third-degree (heroin) and fifth-degree (Suboxone) criminal drug possession with intent to sell (Penal Law § 220.16 [1]; 220.06 [1]); three counts of criminally using drug paraphernalia in the second degree for possessing lactose (a narcotic dilutant), empty glassine envelopes and a scale, under circumstances evincing knowledge that some person intends to use those items for the purpose of manufacturing, packaging or dispensing a narcotic drug for sale (id. § 220.50 [1]-[3]); and

four counts of unlawfully dealing with a child in the first degree (id. § 260.20 [1]).  A person is guilty of the latter crime when he

> "knowingly permits a child less than [18] years old to enter or remain in or upon a place, premises or establishment where . . . activity involving controlled substances as defined by article [220] of [the Penal Law] . . . is maintained or conducted, and he knows or has reason to know that such activity is being maintained or conducted."

Defendant and Rivera proceeded to a joint jury trial, where defendant testified that she understood why she was arrested -- the police had "found the stuff" in her bedroom.  She claimed, however, to have been unaware of the presence of the narcotics and drug paraphernalia.  According to Rivera, who also testified at trial, the narcotics belonged to him.  At the trial's conclusion, the jury acquitted defendant of the criminal drug possession with intent to sell and paraphernalia crimes, but convicted her of the lesser-included offense of seventh-degree criminal drug possession (heroin) (Penal Law § 220.03) and the four counts of unlawfully dealing with a child.  As for Rivera, the jury also acquitted him of possession with intent to sell, but convicted him of seventh-degree criminal drug possession (both the heroin and the Suboxone), the three drug paraphernalia counts and the four counts of unlawfully dealing with a child.

Upon defendant's appeal, the Appellate Division affirmed, holding that the trial evidence "support[ed] the conclusion that defendant exercised dominion and control, at

least jointly with the codefendant, over the contraband"; and

> "also established the elements of
> first-degree unlawfully dealing with a child
> (see Penal Law § 260.20 [1]), including the
> element of 'activity involving controlled
> substances.'  Defendant knew or should have
> known that a large amount of heroin and drug
> paraphernalia were in her apartment, where
> four children under the age of 18 lived" (100
> AD3d 446, 447 [1st Dept 2012]).

A Judge of this Court granted defendant leave to appeal (21 NY3d 1015 [2013]), and we now affirm.

First, the police discovered bundled glassines of heroin and drug paraphernalia in defendant's apartment, located exclusively in and spread throughout her bedroom.  Some of this contraband was in plain view; some was in a dresser drawer, mixed in with her personal belongings.  Defendant was the apartment's leaseholder and had been living there for many years.  The jury could readily infer, from this and other proof presented, that defendant exercised dominion and control over the contraband found in her apartment "by a sufficient level of control over the area in which the contraband [wa]s found" (People v Manini, 79 NY2d 561, 573 [1992]).  Additionally, there was sufficient evidence that defendant's possession of the heroin was knowing, as "[g]enerally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is . . . on his premises" (People v Reisman, 29 NY2d 278, 285 [1971]).

Next, defendant argues that because she was only

convicted of possessing illegal drugs, the evidence was insufficient to convict her of unlawfully dealing with a child, as that statute requires the alleged offender to know or have reason to know about ongoing commercial drug-related activity in a place where a child is present.  Here, we need not and do not decide whether Penal Law § 260.20 (1) excludes possessory crimes because there is sufficient proof to establish defendant's guilt even under her narrower interpretation of the statute.

The jury convicted Rivera of three counts of second-degree criminal use of drug paraphernalia.  Such activity, related to drug trafficking and taking place in defendant's apartment, is plainly commercial and ongoing.  Further, there was sufficient evidence for the jury to conclude that Rivera was residing with defendant and that they jointly exercised dominion and control over the area in which the contraband was found.  While defendant emphasizes her acquittal of criminally possessing paraphernalia, the People were only required to establish that she knowingly permitted children to remain on premises where she had every reason to know that this illegal drug activity was taking place (see William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 260.20).

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges Read, Pigott, Rivera and Abdus-Salaam concur.  Judges Stein and Fahey took no part.

Decided February 12, 2015