# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

514

KA 14-00658

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

EUGENE LAWRENCE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered February 28, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the order of protection in favor of defendant's wife and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress a gun discovered by a police officer during a search of the residence he shared with his wife. Defendant sought suppression of the gun on the ground that he did not voluntarily consent to the search. Contrary to defendant's contention, we conclude that "the court did not err in determining, based upon the totality of the circumstances, that [defendant] voluntarily consented to the search of his residence" (*People v May*, 100 AD3d 1411, 1412, *lv denied* 20 NY3d 1063). Here, the testimony of the police officer at the suppression hearing established that defendant was not in custody when he consented to the search, that the officer did not employ threats or other coercive techniques, and that defendant was calm and compliant throughout the interaction (*see People v Caldwell*, 221 AD2d 972, 972-973, *lv denied* 87 NY2d 920). "The testimony of defendant[ ] . . . at the suppression hearing that [he] did not voluntarily consent to the search raised an issue of credibility that the court was entitled to resolve against defendant" (*People v Mills*, 137 AD3d 1690, 1691; *see People v Harris*, 132 AD3d 1281, 1283, *lv denied* 26 NY3d 1109). In light of our determination that defendant voluntarily consented to the search, we reject his further contention that his statements to the police must be suppressed as fruit of the poisonous

tree (*see People v Nichols*, 113 AD3d 1122, 1123, *lv denied* 23 NY3d 1065).

Defendant failed to preserve for our review his contention that he was denied a fair trial based on the allegedly improper inquiry by the prosecutor during jury selection regarding the prospective jurors' perception of a victim recanting a prior allegation made against a loved one (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). To the extent that any of the prosecutor's other remarks "could have been understood by prospective jurors as instructions on the law, any resulting prejudice was eliminated by the prosecutor's statement[s] that the trial court would instruct them later, and by the trial court's instructions to the jury" (*People v Alvarez*, 304 AD2d 313, 313, *lv denied* 100 NY2d 578; *see People v Din*, 62 AD3d 1023, 1024, *lv denied* 13 NY3d 795).

Defendant further contends that reversal of the judgment is required because the court erred in permitting the People to present evidence of a prior bad act, i.e., a witness's testimony that she had seen defendant in possession of the subject gun two years prior to the instant crime. We reject that contention. To the extent that defendant contends that the People's motion in limine concerning the witness's testimony was untimely because it was brought just before jury selection on the first day of trial, we conclude that his contention lacks merit. "[A] defendant is not entitled as a matter of law to pretrial notice of the People's intention to offer evidence pursuant to *People v Molineux* (168 NY 264 [1901]) or to a pretrial hearing on the admissibility of such evidence" (*People v Small*, 12 NY3d 732, 733; *see generally People v Ventimiglia*, 52 NY2d 350, 362; *People v Holmes*, 104 AD3d 1288, 1289-1290, *lv denied* 22 NY3d 1041). Nonetheless, the Court of Appeals "outlined in . . . *Ventimiglia* a procedure to be followed in order to avoid unfairness to the defendant," whereby "a prosecutor seeking to introduce *Molineux* evidence 'should ask for a ruling out of the presence of the jury' . . . , and . . . any hearing with respect to the admissibility of such evidence should occur either before trial or, at the latest, 'just before the witness testifies' " (*Small*, 12 NY3d at 733). The Court of Appeals emphasized that "there is no requirement that such inquiry or ruling occur before trial commences" (*id.*). Here, when the court initially reserved decision on the People's motion with respect to the witness's testimony regarding defendant's past possession of the gun, it ruled, in effect, that the People would not be allowed to introduce such evidence of a prior bad act or uncharged crime as part of their case-in-chief unless defendant opened the door to such testimony by denying knowledge and/or possession of the gun (*see generally People v Ortiz*, 259 AD2d 979, 980, *lv denied* 93 NY2d 1024). Although the prosecutor improperly referenced the witness's proposed testimony during her opening statement, defense counsel did not object and, thereafter, opened the door to the witness's testimony by arguing during his opening statement that defendant's wife owned the gun and knew its exact location in the residence, and that defendant was stunned by the discovery of the gun and had no knowledge of it (*see People v Kidd*, 112 AD3d 994, 995-996, *lv denied* 23 NY3d 1039; *People v*

*Cimino*, 49 AD3d 1155, 1156, *lv denied* 10 NY3d 861; *see generally People v Rojas*, 97 NY2d 32, 34-39).

With respect to the admission of the witness's testimony, it is well established that "[e]vidence of . . . prior uncharged crime[s] [or prior bad acts] may not be admitted solely to demonstrate a defendant's bad character or criminal propensity, but may be admissible if linked to a specific material issue or fact relating to the crime[s] charged, and if its probative value outweighs its prejudicial [effect]" (*People v Blair*, 90 NY2d 1003, 1004-1005; *see Kidd*, 112 AD3d at 995). Here, contrary to defendant's contention, the testimony that he had previously possessed the gun and had shown it to the witness in the residence after retrieving it from a safe "was relevant and probative of a material element of a crime charged, namely, defendant's knowing possession of the gun" (*Kidd*, 112 AD3d at 995; *see People v Delarosa*, 84 AD3d 832, 834, *lv denied* 17 NY3d 815). "Although the court arguably could have better 'recited its discretionary balancing of the probity of such evidence against its potential for prejudice' . . . , we conclude that, viewing the record in its entirety, the court conducted the requisite balancing test" (*Holmes*, 104 AD3d at 1290). Contrary to defendant's contention, the court properly concluded that the probative value of the witness's testimony outweighed its prejudicial effect (*see Kidd*, 112 AD3d at 995). In any event, the court minimized any prejudicial effect by instructing the jury immediately after the witness's testimony and during the jury charge that the testimony was to be considered only with respect to the allegation that defendant knowingly possessed the gun and was not to be considered as evidence of a propensity to commit the crime charged (*see People v Hernandez*, 103 AD3d 433, 433-434, *lv denied* 22 NY3d 1041; *Delarosa*, 84 AD3d at 834; *see generally Small*, 12 NY3d at 733).

We reject defendant's contention that the conviction is not supported by legally sufficient evidence. " 'To meet their burden of proving defendant's constructive possession of the [gun], the People had to establish that defendant exercised dominion or control over [the gun] by a sufficient level of control over the area in which [it was] found' " (*People v Diallo*, 137 AD3d 1681, 1682; *see People v Manini*, 79 NY2d 561, 573-574). Here, the People presented evidence that the police officer discovered the stolen, loaded gun in the slightly opened safe located inside a bedroom in defendant's residence, and that the safe also contained ammunition, a holster, and mail addressed to defendant (*see People v Diaz*, 24 NY3d 1187, 1189-1190). The People presented further testimony that defendant used and had authority over the safe in which the gun was located (*see People v Ortiz*, 61 AD3d 779, 780, *lv denied* 13 NY3d 748). Viewing the evidence in the light most favorable to the People, we conclude that defendant exercised dominion and control over the gun by a sufficient level of control over the area in which it was discovered, and thus the evidence is legally sufficient to establish beyond a reasonable doubt that defendant constructively possessed the gun (*see id.*). In addition, "there was sufficient evidence that defendant's possession of the [gun] was knowing, [inasmuch] as[,] '[g]enerally, possession

suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is . . . on his premises' " (*Diaz*, 24 NY3d at 1190).

Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Even assuming, arguendo, that a different verdict would not have been unreasonable, 'the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (*People v Chelley*, 121 AD3d 1505, 1506, *lv denied* 24 NY3d 1218, *reconsideration denied* 25 NY3d 1070).

We further conclude that, contrary to defendant's contention, the court did not err in denying his motion for a trial order of dismissal at the close of the People's proof on the ground that the People failed to comply with CPL 200.60 (3). Defendant waived the procedural requirements of that statute when he stipulated on the day of the suppression hearing to the correctness of his prior conviction as enumerated in the special information filed by the People (*see People v Ward*, 57 AD3d 582, 583, *lv denied* 12 NY3d 789; *People v Santiago*, 244 AD2d 263, 263, *lv denied* 91 NY2d 879).

Defendant further contends that the court erred in permitting the People to impeach the trial testimony of defendant's wife with prior inconsistent statements by playing for the jury an audio recording of a telephone call that she made to the police reporting that defendant possessed a gun and had threatened her. Initially, upon our review of the record, we conclude that effective appellate review of defendant's contention is not precluded by the fact that the audio recording has been lost (*see People v Cruz*, 134 AD3d 1455, 1456; *see generally People v Yavru-Sakuk*, 98 NY2d 56, 60-61). Although the court erred in permitting the People to play the audio recording because they failed to lay a proper foundation for it (*see People v Ely*, 68 NY2d 520, 527; *People v Joyner*, 240 AD2d 282, 286-287, *lv denied* 90 NY2d 906; *People v Concepcion*, 175 AD2d 324, 327, *lv denied* 78 NY2d 1010), the court gave a limiting instruction that minimized any prejudice (*see generally People v Barner*, 30 AD3d 1091, 1092, *lv denied* 7 NY3d 809), and we conclude that the error is harmless inasmuch as the proof of defendant's guilt is overwhelming and there is no significant probability that the jury would have acquitted defendant in the absence of the audio recording (*see generally People v Crimmins*, 36 NY2d 230, 241-242; *People v Fineout*, ___ AD3d ___, ___, [May 6, 2016]).

Even assuming, arguendo, that defendant's contentions with respect to the court's consideration of certain information in reaching its sentence are preserved for our review, we conclude that they are without merit. "Generally, as a matter of due process, an offender may not be sentenced on the basis of materially untrue

assumptions or misinformation, and the sentencing court must be assured that the information upon which it bases the sentence is reliable and accurate" (*People v Crawford*, 55 AD3d 1335, 1336, *lv denied* 11 NY3d 896 [internal quotation marks omitted]; *see People v Naranjo*, 89 NY2d 1047, 1049). Here, the court properly relied on defendant's criminal history as contained in the presentence investigation report and the additional information in the People's sentencing memorandum documenting those same crimes (*see People v Weinsheimer*, 68 AD3d 901, 902, *lv denied* 14 NY3d 807). To the extent that defendant contends that the People's sentencing memorandum was untimely (*see* CPL 390.40 [2]), we note that he raised no such objection at sentencing and that he has therefore failed to preserve that contention for our review (*see People v De Torres*, 96 AD2d 609, 609-610). Contrary to his further contention, " '[t]he court did not base its sentence on a crime of which defendant had been acquitted . . . , but rather sentenced him based on all the relevant facts and circumstances surrounding the crime of which he was convicted' . . . , as it was required to do" (*People v Lipford*, 129 AD3d 1528, 1531, *lv denied* 26 NY3d 1041; *cf. People v Flowers*, 97 AD3d 693, 693, *lv denied* 19 NY3d 1102). We reject defendant's contention that the sentence is unduly harsh and severe.

We agree with defendant, however, that the court erred in granting an order of protection in favor of his wife inasmuch as defendant, having previously been convicted of a crime, was found guilty of possessing a loaded firearm in his home (Penal Law § 265.03 [3]; *see* § 265.02 [1]), which is not a "crime or violation between spouses, between a parent and child, or between members of the same family or household" (CPL 530.12 [5]; *see People v Petrusch*, 306 AD2d 889, 890). We therefore modify the judgment accordingly.

Entered: July 1, 2016                          Frances E. Cafarell
                                               Clerk of the Court