People v Crowley (2020 NY Slip Op 06638)





People v Crowley


2020 NY Slip Op 06638


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


884 KA 18-01285

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY CROWLEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered March 20, 2018. The judgment convicted defendant upon a nonjury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Although defendant failed to preserve for our review his contention concerning the legal sufficiency of the evidence (see People v Carrasquillo, 71 AD3d 1591, 1591 [4th Dept 2010], lv denied 15 NY3d 803 [2010]), we exercise our discretion to review that contention in the interest of justice (see CPL 470.15 [6] [a]), and we reject it. Specifically, defendant contends that the evidence is legally insufficient to establish his constructive possession of the firearm at issue. "To meet their burden of proving defendant's constructive possession of the [gun], the People had to establish that defendant exercised dominion or control over [the gun] by a sufficient level of control over the area in which [it was] found" (People v Boyd, 145 AD3d 1481, 1482 [4th Dept 2016], lv denied 29 NY3d 947 [2017] [internal quotation marks omitted]; see People v Everson, 169 AD3d 1441, 1442 [4th Dept 2019], lv denied 33 NY3d 1068 [2019]; People v Lawrence, 141 AD3d 1079, 1082 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). It was not necessary for the People to establish that defendant had "exclusive access" to the area in question and, here, the evidence "went beyond defendant's mere presence" in the residence where the gun was found "and established a particular set of circumstances from which a [factfinder] could infer possession" (Boyd, 145 AD3d at 1482 [internal quotation marks omitted]). In particular, the People presented "evidence that DNA samples taken from the handgun were consistent with defendant's DNA, from which an inference could be made that defendant had physically possessed the gun at some point in time" (People v Long, 100 AD3d 1343, 1344 [4th Dept 2012], lv denied 20 NY3d 1063 [2013] [internal quotation marks omitted]; see People v Robinson, 72 AD3d 1277, 1278 [3d Dept 2010], lv denied 15 NY3d 809 [2010]). In addition, the evidence established that, at the time the residence was searched, defendant was found sleeping in a rear bedroom among numerous personal belongings. Moreover, during the search, defendant signed a consent-to-search form, which identified the premises as his residence. Based on the above, we conclude that there is a "valid line of reasoning and permissible inferences" supporting County Court's conclusion that defendant constructively possessed the firearm (People v Williams, 84 NY2d 925, 926 [1994]).
We also reject defendant's contention that he was denied effective assistance of counsel. Because defendant's contention regarding the legal sufficiency of the evidence lacks merit, it cannot be said that defense counsel was ineffective for failing to preserve that contention for our review (see Carrasquillo, 71 AD3d at 1591). Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we likewise [*2]reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Johnson, 121 AD3d 1578, 1579 [4th Dept 2014], lv denied 25 NY3d 1166 [2015]).
Defendant's contention that the court erred in denying his motion to suppress certain statements that he made to police officers during and after the search is largely academic inasmuch as most of the challenged statements were not introduced at trial, either as part of the People's case or on cross-examination of defendant (see People v Joseph, 97 AD3d 838, 839 [2d Dept 2012]; People v Nevins, 16 AD3d 1046, 1048 [4th Dept 2005], lv denied 4 NY3d 889 [2005], cert denied 548 US 911 [2006]). With respect to the statements that were introduced at trial, we conclude that defendant's contention lacks merit. Considering the totality of the circumstances, we agree with the court's determination that those statements, which were made by defendant after he had received his Miranda warnings, were voluntarily made (see generally People v Jin Cheng Lin, 26 NY3d 701, 719 [2016]).
Finally, contrary to defendant's remaining contention, his sentence is not unduly harsh or severe.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court