People v Barnes (2021 NY Slip Op 04863)





People v Barnes


2021 NY Slip Op 04863


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


594 KA 19-01039

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAEKWON BARNES, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY L. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered February 20, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that the conviction is not supported by legally sufficient evidence. "To meet their burden of proving defendant's constructive possession of the [gun], the People had to establish that defendant exercised dominion or control over [the gun] by a sufficient level of control over the area in which [it was] found" (People v Diallo, 137 AD3d 1681, 1682 [4th Dept 2016] [internal quotation marks omitted]; see People v Manini, 79 NY2d 561, 573-574 [1992]). Here, the People presented evidence that an officer discovered the gun on a heating duct in the basement of the home where defendant resided, and that defendant used and had access to the basement area in which the gun was located (see generally People v Lawrence, 141 AD3d 1079, 1082 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). Moreover, forensic evidence established that defendant was a major contributor of the DNA profile from the gun. Viewing the evidence in the light most favorable to the People, we conclude that defendant exercised dominion and control over the gun by a sufficient level of control over the area in which it was discovered, and thus the evidence is legally sufficient to establish beyond a reasonable doubt that defendant constructively possessed the gun (see id.). In addition, "there was sufficient evidence that defendant's possession of the [gun] was knowing, [inasmuch] as[,] '[g]enerally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is . . . on his premises' " (People v Diaz, 24 NY3d 1187, 1190 [2015]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even if we assume, arguendo, that a different verdict would not have been unreasonable, " 'the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (People v Chelley, 121 AD3d 1505, 1506 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015]).
Defendant's contention that he was denied a fair trial by comments during his parole officer's trial testimony is unpreserved for review (see generally People v Harris, 147 AD3d 1328, 1329 [4th Dept 2017]).
Defendant's sentence is not unduly harsh or severe. We have considered defendant's [*2]remaining contentions and conclude that they do not require modification or reversal of the judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court