People v Farley (2021 NY Slip Op 06506)





People v Farley


2021 NY Slip Op 06506


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


904 KA 18-01568

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW W. FARLEY, DEFENDANT-APPELLANT. 






KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 30, 2018. The judgment convicted defendant upon a jury verdict of robbery in the first degree (two counts), robbery in the second degree (two counts) and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [4]). Contrary to defendant's contention, we conclude that Supreme Court did not abuse its discretion in fashioning a Sandoval compromise (see People v Cotton, 184 AD3d 1145, 1146 [4th Dept 2020], lv denied 35 NY3d 1112 [2020]; see generally People v Sandoval, 34 NY2d 371, 374-375 [1974]). The court ruled that it would allow the prosecutor to ask defendant whether he had been convicted of a felony and the length of the sentence imposed. The court, however, precluded the prosecutor from asking about the underlying facts of the felony offense. The ruling reflects "an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the risk of possible prejudice" (People v Carmichael, 171 AD3d 1084, 1085 [4th Dept 2019], lv denied 34 NY3d 979 [2019]; see People v Tarver, 292 AD2d 110, 116-117 [3d Dept 2002], lv denied 98 NY2d 702 [2002]; People v Zamora, 211 AD2d 834, 834-835 [2d Dept 1995], lv denied 85 NY2d 945 [1995]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see generally People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his contention that the integrity of the grand jury proceedings was impaired because the People introduced a statement by defendant that was later suppressed, and because the People did not provide the grand jury with a voluntariness instruction with respect to the statement (see People v Rodriguez, 195 AD3d 1237, 1238 [3d Dept 2021]; People v Gutierrez, 96 AD3d 1455, 1455 [4th Dept 2012], lv denied 19 NY3d 997 [2012]). We decline to exercise our power to review the issue as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that he was arrested without probable cause, and, therefore, all of his subsequent statements to police should have been suppressed. We conclude, however, that "by failing to seek a ruling on that part of his omnibus motion seeking to suppress his statements [as the product of an unlawful arrest] and by failing to object to the admission in evidence of his statements at trial," defendant has abandoned his contention (People v Smith, 187 AD3d 1652, 1653 [4th Dept 2020], lv denied 36 NY3d 1054 [2021] [internal quotation marks omitted]; see [*2]People v Contreras, 154 AD3d 1320, 1321 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]).
We conclude that the sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contentions, and conclude that none warrants reversal or modification of the judgment.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court