People v Phillips (2025 NY Slip Op 03893)

People v Phillips

2025 NY Slip Op 03893

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

344 KA 22-00720

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFTON PHILLIPS, JR., DEFENDANT-APPELLANT. 

LARKIN INGRASSIA, PLLC, NEWBURGH (DEREK S. ANDREWS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered December 17, 2021. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We now affirm.
This prosecution arises from an investigation conducted by a police task force regarding illegal drug activity. The task force obtained information to support a search warrant for the residence of defendant's mother (codefendant). Police officers executed that warrant and, after observing defendant and the codefendant sleeping in different rooms of the residence, recovered contraband, drug-related paraphernalia, and a significant amount of money. Following that search (first search), officers received information that they had missed a larger amount of drugs stored somewhere else in the residence. Two days after the first search, officers conducted a second search of the residence and recovered a large amount of contraband from the attic. Initially, the People filed an indictment against the residents of the premises, i.e., defendant and the codefendant, with respect to evidence recovered from both searches, but, thereafter, the People obtained a superseding indictment with higher charges related only to the contraband recovered during the second search.
On the first day of trial on the superseding indictment, any and all remaining charges related to the first indictment were dismissed. Ultimately, the jury convicted defendant and the codefendant of both charges contained in the superseding indictment.
Defendant contends that the People's Molineux application was untimely, and that County Court abused its discretion in its Molineux ruling when it allowed the People to introduce testimony regarding the first search in evidence at trial. Defendant's contention that the Molineux application was untimely is not preserved for our review inasmuch as defendant failed to challenge its timeliness before the trial court (see CPL 470.05 [2]; see generally People v Brandl, 231 AD2d 895, 895 [4th Dept 1996]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
With respect to the court's Molineux ruling, we conclude that, even assuming, arguendo, that the evidence in question concerning the first search was Molineux evidence (see People v Frumusa, 29 NY3d 364, 369-370 [2017], rearg denied 29 NY3d 1110 [2017]), the court did not err in admitting it. Such evidence was relevant to establish defendant's constructive possession [*2]of the contraband found in the residence two days later (see People v Campbell, 229 AD3d 1296, 1297 [4th Dept 2024]; People v Crowley, 188 AD3d 1665, 1666 [4th Dept 2020], lv denied 36 NY3d 1056 [2021]; People v Harris, 147 AD3d 1328, 1329 [4th Dept 2017]), and to establish defendant's "intent to sell" the significant amount of the controlled substances found in the attic during the second search (People v Hayward, 213 AD3d 989, 992 [3d Dept 2023], affd 42 NY3d 753 [2024]; see People v Robinson, 142 AD3d 1302, 1303-1304 [4th Dept 2016], lv denied 28 NY3d 1126 [2016]; see also People v Diaz, 100 AD3d 446, 447 [1st Dept 2012], affd 24 NY3d 1187 [2015]; see generally People v Satiro, 72 NY2d 821, 822 [1988]). We further conclude that the court did not abuse its discretion in determining that the probative value of the evidence concerning the first search outweighed its potential for undue prejudice (see e.g. People v Gaiter, 224 AD3d 1384, 1385 [4th Dept 2024], lv denied 41 NY3d 1018 [2024], reconsideration denied 42 NY3d 970 [2024]; People v Hall, 182 AD3d 1023, 1024 [4th Dept 2020], lv denied 35 NY3d 1045 [2020]; see generally People v Weinstein, 42 NY3d 439, 458 [2024]).
Defendant further contends that discovery violations require reversal of the judgment of conviction. Despite defendant's numerous contentions related to discovery, we conclude that the only contention preserved for our review is his contention that the People failed to timely disclose a fingerprint report. When that report was belatedly disclosed, defendant sought dismissal on the grounds that the People violated their Brady obligations and had not actually been ready for trial based on noncompliance with the new CPL article 245. The remaining claims of incomplete disclosure were never raised in the trial court and thus are unpreserved (see CPL 470.05 [2]; People v Dunn, 229 AD3d 1220, 1222 [4th Dept 2024]; People v Perkins, 229 AD3d 1223, 1224 [4th Dept 2024], lv denied 42 NY3d 1021 [2024]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
With respect to the fingerprint report, the People announced readiness before the effective date of CPL article 245. As a result, their readiness was not vitiated by the new statutory scheme (see People v King, 42 NY3d 424, 428 [2024]). To the extent that defendant made the appropriate discovery demands under either CPL former article 240 or the newly enacted article 245, the People were required to provide the fingerprint report (see CPL 245.20 [1] [j]; former 240.20 [1] [c]). Their failure to timely do so was subject to a wide range of potential sanctions (see CPL 245.80 [2]; former 240.70 [1]), but no sanction was required inasmuch as there was no showing of prejudice (see People v Heverly, 224 AD3d 1243, 1247 [4th Dept 2024]; People v Ramjattan, 219 AD3d 1348, 1351 [2d Dept 2023], lv denied 40 NY3d 1040 [2023]; People v Gaillard, 215 AD3d 459, 460-461 [1st Dept 2023], lv denied 40 NY3d 934 [2023]). Moreover, we reject defendant's contention that the delayed disclosure of the fingerprint analysis constitutes a reversible Brady violation. The "failure of the police to find latent fingerprints on one of the plastic bags . . . was not exculpatory" (People v Howard, 261 AD2d 841, 841 [4th Dept 1999], lv denied 93 NY2d 1020 [1999]; see People v Woodrich, 212 AD2d 998, 998 [4th Dept 1995], lv denied 85 NY2d 945 [1995]; cf. People v Dombrowski, 163 AD2d 873, 874 [4th Dept 1990]).
Defendant contends that the court erred in denying his request for new counsel without inquiring into his complaints against counsel. Once defendant and the codefendant informed the court that they wanted new defense counsel, the court gave them a full opportunity to air their grievances (see People v Kirkey, 233 AD3d 1510, 1513-1514 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; People v Hubbert, 227 AD3d 1547, 1548 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]). We conclude that the court properly determined that defendant's request for a new attorney was "not serious" and that his complaints "did not indicate that there was a serious possibility of good cause for substitution" (People v Pottinger, 229 AD3d 1053, 1054 [4th Dept 2024], lv denied 42 NY3d 1081 [2025]).
Contrary to defendant's contention, we conclude that the court did not abuse its discretion with respect to its Sandoval ruling inasmuch as the "ruling reflects an appropriate balance between the probative value of . . . defendant's prior crimes on the issue of his credibility and the risk of possible prejudice" (People v Farley, 199 AD3d 1463, 1464 [4th Dept 2021], lv denied 37 NY3d 1145 [2021] [internal quotation marks omitted]).
Finally, upon viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 [*3]NY2d 137, 147 [1981]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court