People v King (2024 NY Slip Op 03322)

People v King

2024 NY Slip Op 03322 [42 NY3d 424]

June 18, 2024

Singas, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 25, 2024

[*1]

The People of the State of New York, Appellant,
v
Alvin King, Respondent.

Argued May 15, 2024; decided June 18, 2024

People v King, 216 AD3d 1400, reversed.

 {**42 NY3d at 426} OPINION OF THE COURT

Singas, J.

The narrow question before us on this appeal is whether amendments to the CPL imposing additional requirements that the People must fulfill before announcing their readiness for trial apply where the People declared ready for trial before the amendments' effective date. Because the amendments did not vitiate the People's prior readiness statement, we hold that they do not. Thus, we reverse the Appellate Division order.
Defendant was charged with attempted second-degree murder, second-degree assault, and other charges, arising out of an incident where he threatened his children with a knife and stabbed his pregnant wife several times in her hands, feet, and chest. In 2019, defendant was indicted, and the People declared ready for trial with approximately one week remaining on their speedy trial clock.
On January 1, 2020, amendments to New York's discovery (CPL art 245) and statutory speedy trial (CPL 30.30) rules went into effect, and the old discovery rules (CPL former art 240) were repealed (see L 2019, ch 59, § 1, parts KKK, LLL; see generally People v Bay, 41 NY3d 200 [2023]). On January 27, the first day of trial, defendant moved to dismiss the indictment on statutory speedy trial grounds, arguing that the People had become unready for trial when the amendments came into effect and had failed to file a certificate of compliance with the new discovery rules (COC) as required by the amendments and announce their readiness before their statutory speedy trial time expired. Supreme Court denied the motion, holding that the amendments do not apply to cases arraigned before January 1, 2020. The jury acquitted defendant of attempted second-degree murder but convicted him of the remaining counts.
As relevant here, the Appellate Division, with one Justice dissenting, reversed the judgment, granted defendant's CPL 30.30 motion, and dismissed the indictment (see 216 AD3d 1400 [4th Dept 2023]). The Court held that the People were placed in a state of unreadiness on January 1, 2020, and were required to file a COC to become ready thereafter (id. at 1405-1406). The majority relied on the general rule that newly enacted procedural statutes are applicable to future steps and{**42 NY3d at 427} stages of a litigation and concluded that its statutory interpretation did not give the amendments any retroactive effect (id. at 1406). Even assuming the People were entitled to certain exclusions of time, the Court determined that the People were chargeable with a total of 185 days—over the 181-day limit applicable to this case (id. at 1408). The dissent would have held that the majority's interpretation of the law gave it retroactive effect, and that the legislature did not intend the new discovery laws to be applied in a retroactive manner (id. at 1408-1409 [Ogden, J., dissenting]). The dissenting Justice granted the People leave to appeal.[FN1]
Resolution of this appeal depends on whether any delay after January 1, 2020, is chargeable to the People. The answer to that question hinges on whether, in a case where the People had validly declared ready for trial prior to the effective date of the amendments, those amendments reverted the People to a state of unreadiness when they came into effect, requiring them to file a COC to regain their readiness status and stop the speedy trial clock. As this issue involves a question of statutory interpretation, we begin with the statutory text, which is "the clearest indicator of legislative intent" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). Before 2020, "[n]othing in the speedy trial statute linked . . . discovery obligations to the People's readiness for trial under CPL 30.30" (Bay, 41 NY3d at 207). The amendments that became effective on January 1, 2020, constituted a sea change [*2]in speedy trial and discovery procedure. They "impose[d] new automatic disclosure requirements" (id. at 208; see CPL 245.20) and "tie[d] the[se] discovery obligations to trial readiness under CPL 30.30" (Bay, 41 NY3d at 208). Though the amendments did not alter the basic concept that the People must declare ready—and actually be ready—for trial in order to stop the speedy trial clock, the amendments linked the People's discovery and speedy trial obligations by requiring the filing of "a COC attesting to good faith compliance with CPL 245.20's disclosure requirements" prior to stating ready for trial (id. at 210). To that effect, CPL 30.30 (5) provides that "[a]ny statement of trial readiness must be accompanied or preceded by a [COC]," and CPL 245.50 (3) similarly provides that "the prosecution shall not be deemed ready for trial . . . until it has filed a proper [COC]."
{**42 NY3d at 428}There is no evidence, in the plain language of the amendments or the legislative history, that the legislature intended to—or did—revert the People to a state of unreadiness on January 1, 2020. Rather, the amendments specifically tie the COC requirement to the People's ability to state ready and be deemed ready. Because the legislature established the COC requirement as a condition precedent to declaring ready for trial and did not indicate an intent to undo the People's prior readiness statements, there is no basis to apply that requirement prospectively to a case such as the present one where the People were in a trial-ready posture when it went into effect. In other words, the People are not required to fulfill a prerequisite to declaring trial readiness when they have already validly declared ready for trial. Accordingly, the only way to apply the COC requirement to this case would be to wholesale invalidate the People's pre-2020 readiness statement—not to render the People unready as of January 1, 2020. Because the language of the amendments does not "expressly or by necessary implication require[ ]" this plainly retroactive application, we cannot conclude that the legislature intended for the COC requirement to apply in this manner (Majewski, 91 NY2d at 584). Consequently, the People are not chargeable for any delay after January 1, 2020, and thus remained within the applicable 181-day statutory speedy trial limit (see CPL 30.30 [1] [a]).[FN2]
Accordingly, the order of the Appellate Division should be reversed, defendant's motion to dismiss the indictment pursuant to CPL 30.30 denied, and the case remitted to the Appellate Division for consideration of the facts and issues raised but not determined on appeal to that Court.

Chief Judge Wilson (concurring in result).
The key to answering the question posed by this case is set out in section I of Judge Rivera's dissent, with which I largely agree—in particular, the legislative history explaining that the new CPL 245 "repeal[s] our current flawed discovery rules (Article 240 of the{**42 NY3d at 429} Criminal Procedure Laws) and offers a better, comprehensive statute; Article 245" (Assembly Mem in Support of 2017 NY Assembly Bill A4360A [emphasis added]; see 
dissenting op at 432-433 see also People v Bay, 41 NY3d 200, 208 [2023] ["(T)he legislature adopted significant reforms that repealed CPL article 240, enacted CPL article 245 in its place, and amended CPL 30.30, the speedy trial provision. . . . To incentivize the People's compliance with these procedures, the enactments tie their discovery obligations to trial readiness under CPL 30.30" (emphasis added)]). Judge Rivera and I agree that the new discovery rules and the amendments to the speedy trial provision were part of a single, integrated "comprehensive statute" that repealed what came before. That shared conclusion, however, leads us to opposite results.
The enacting legislation for article 245 states: "This act shall take effect January 1, 2020" (L 2019, ch 59, § 1, part LLL, § 14). But what does that mean in practice? All agree that cases filed after January 1, 2020, will be subject to article 245. All would agree that cases in which trial commenced before January 1, 2020, are governed by the repealed article 240. But what happens to cases that, like this one, were trial ready under article 240 before January 1, 2020, but not trial ready on January 1 because either: (a) they were not in compliance with the new discovery obligations, or (b) they were in compliance with the new discovery obligations but not with the new requirement to certify good-faith compliance with those new obligations? The statutory text does not state what to do.
On the one hand, article 245 imposes continuing discovery requirements that, under the new scheme, would normally be applicable throughout the trial process (see CPL 245.60). But as the dissent emphasizes (dissenting op at 
437-438), those discovery requirements are part of an integrated statutory scheme aimed at ensuring "early and broader disclosure" by "tether[ing] the People's CPL article 245 discovery obligations to CPL 30.30's speedy trial requirements" (Bay, 41 NY3d at 208, 209). Given the integrated and comprehensive nature of the new enactment, I, like Judge Rivera, do not believe that we may interpret the statute in a way which decouples one from the other—they are part of a single package to be implemented together.
The majority decouples these two interdependent elements of the statute, holding that the speedy trial aspects of article 245 do not apply to cases "deemed ready" prior to the effective date based on the plain language of the provision, regardless of{**42 NY3d at 430} whether the remainder of the discovery reforms apply (majority op at 
428 CPL 245.50 [3]). That interpretation is a pragmatic response to the difficulty of reconciling the new and old readiness regimes, but places a great deal of stress on uncertain text to carve a line between provisions that we and the legislature have said should be understood as one integrated whole. The legislature's intent as to the speedy trial provisions cannot plausibly be isolated from its intent as to the statute as a whole.
Either the legislature realized that there would be cases that were trial ready under the old regime whose trials would not occur until after January 1, or it did not appreciate that (which I find highly unlikely). If the latter is true, then we are dealing with a situation in which legislative intent cannot be determined at all because there is none, and any guess is as good as any other. But if the legislature understood that cases ready under the old regime would not be tried until after January 1, and yet chose to say only that the effective date would be January 1, the majority's interpretation is not very plausible.
The majority's position suggests that the legislature may have thought about cases that were ready for trial under the old regime but were scheduled for trial after January 1, decided that cases ready under the old regime would be exempt from the certificate of compliance requirement of the new statute but subject to its discovery requirements, and decided to implement this position by failing to say explicitly what would happen in such cases, instead relying on the statutory text "deemed ready." If the legislature intended to split the statute in that way, it surely would have said something more. I agree that the legislature did not intend the certificate of compliance requirement to apply to [*3]pending cases, but that is simply because it did not intend the statute to apply—not because it hid that intent in a provision aimed at a different issue.
The dissent's approach maintains the integrity of the statutory scheme, but it imposes burdens the majority's approach avoids. Under the dissent's construction, cases that had January trial dates would all be deemed unready unless the People filed a certification stating that they had complied in good faith with the new discovery requirements.[FN*] Although district attorneys in those cases could have sought an extension to allow{**42 NY3d at 431} compliance with (and litigation over compliance with) the new regime, that would have required removing those cases from the calendar and bogging down the progress of cases that were ready for trial had the trial been scheduled a few days earlier, creating voids in the trial calendars of many courts. Nor do I agree that the nine-month lag between enactment and effective date supports the dissent's interpretation of article 245, because the legislature could have intended that delay to afford district attorneys and public defenders time to reorganize and restaff themselves on the assumption that article 245 would apply only to cases filed on or after January 1, 2020. Without a clear textual indication, I am hesitant to hold that the legislature intended to place previously ready cases into unreadiness by operation of law on January 1, 2020.
Instead, I conclude that the plainest interpretation is that the new integrated and interdependent system embodied in article 245 applies to cases commenced on or after the January 1, 2020 effective date. Because the statute creates an integrated scheme aimed at ensuring early discovery via compliance with speedy trial mechanisms, I doubt the legislature intended to apply discovery obligations to cases nearing trial under the old regime while dispensing with the requirement that the People certify good-faith compliance with those new discovery obligations. As we see here, doing so creates significant practical issues. The cleanest and most easily administrable solution is to apply the old scheme to cases filed before January 1, 2020, and the new one to cases filed thereafter. That also best fits with the legislature's expression that it "repealed" the old regime and "replaced" it with "a better, comprehensive statute" (Assembly Mem in Support of 2017 NY Assembly Bill A4360A). Thus, I concur in the majority result, but on the ground that article 245 does not apply at all to Mr. King's case, because it was commenced before January 1, 2020.

Rivera, J. (dissenting).
The issue on this appeal is whether {**42 NY3d at 432}CPL 245.50 (3) applies to actions pending on its January 1, 2020 effective date, which states that, "[n]otwithstanding the provisions of any other law, . . . the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate [of compliance]" (COC) that it has fulfilled its "automatic discovery" obligations under CPL 245.20. The law does not alter or nullify any actions taken before its effective date. Rather, it simply requires that, on and after January 1, 2020, the prosecution take additional steps before it can be considered ready for trial, or risk dismissal on statutory speedy-trial grounds. Here, despite having several months of notice that CPL 245.50 (3) would take effect on January 1, 2020, the prosecution failed to take those steps in a criminal action pending against defendant Alvin King since 2018. Therefore, I would affirm the dismissal of the indictment.
I.
As we explained in People v Bay:
"In 2014, the New York State Justice Task Force proposed reforms to the discovery regime in light of concerns that available discovery is 'highly circumscribed' and 'often comes too late to permit both sides to investigate facts fully and make informed decisions before trial' (Report of the New York State Justice Task Force of its Recommendations Regarding Criminal Discovery Reform at 5 [2014]). Requiring early and broader disclosure, the Task Force concluded, would facilitate expeditious resolution of cases and better enable defense counsel to investigate and prepare for trial (see id. at 3; see also New York State Bar Association, Report of the Task Force on Criminal Discovery at 2 [2015]). Over the next few years, the legislature considered various discovery reform bills, and in the course of doing so, legislators noted that the existing scheme necessitated extensive exchanges of discovery demands, motions, and responses, and raised concerns about the limits on disclosure and the impact of discovery delays (see Assembly Mem in Support of 2019 NY Assembly Bill A1431; Assembly Mem in Support of 2017 NY Assembly Bill A4360A; NY Assembly Debate on 2019 NY Assembly Bill A2009C, Mar.{**42 NY3d at 433} 31, 2019 at 336, 378, 443-444; NY Senate Debate on 2019 NY Senate Bill S1509C, Mar. 31, 2019 at 2688-2690, 2714, 2802).
"In 2019, the legislature adopted significant reforms that repealed CPL article 240, enacted CPL article 245 in its place, and amended CPL 30.30, the speedy trial provision. . . . CPL article 245 imposes new automatic disclosure requirements and compliance mechanisms applicable to both the prosecution and defense (see generally CPL art 245; L 2019, ch 59, § 1, part LLL, §§ 1, 2). To incentivize the People's compliance with these procedures, the enactments tie their discovery obligations to trial readiness under CPL 30.30 (see CPL 30.30 [5]; NY Senate Debate on 2019 NY Senate Bill S1509C, Mar. 31, 2019 at 2615; People v Gaskin, 214 AD3d 1353, 1353-1354 [4th Dept 2023])" (41 NY3d 200, 208 [2023]).
The discovery reforms were years in the making, hotly debated, and rewritten in response to concerns from prosecutors (see generally Assembly Mem in Support of 2019 NY Assembly Bill A1431; Assembly Mem in Support of 2017 NY Assembly Bill A4360A; NY Assembly Debate on 2019 NY Assembly Bill A2009C, Mar. 31, 2019; NY Senate Debate on 2019 NY Senate Bill S1509C, Mar. 31, 2019; L 2019, ch 59, § 1, part LLL, §§ 1, 2; L 2020, ch [*4]56, § 1, part HHH; L 2022, ch 56, § 1, part UU, subpart D). According to the Assembly Memorandum in Support, the law is intended "[t]o modernize and make New York State's criminal discovery rules fairer" (Assembly Mem in Support of 2017 NY Assembly Bill A4360A). To that end, the law
"calls for the repeal of our current flawed discovery rules (Article 240 of the Criminal Procedure Laws) and offers a better, comprehensive statute; Article 245. This bill eliminates the unfairness and inefficiencies of the present system and, if enacted, would facilitate[ ] swift, efficient, and just disposition of criminal cases" (id.; see also Senate Introducer's Mem in Support of 2019 NY Senate Bill S1716 [observing that the law would "make more fair New York State's discovery rules in the criminal courts" by providing "for the pre-trial exchange of information and evidence in criminal cases"]).
{**42 NY3d at 434}Although enacted in 2019, the reforms became effective on January 1, 2020, allowing months of preparation time to bring both prosecutor's offices and the defense bar into compliance under the new statutory regime (see L 2019, ch 59, § 1, part LLL, § 14). Notably, the reforms did not affect any actions taken by prosecutors or defendants prior to January 1st (see generally id.).
Section 245.20 of the CPL—titled "[a]utomatic discovery"—provides that "[t]he prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control," various categories of materials (CPL 245.20 [1]). Among other things, the prosecution must disclose: (1) "written or recorded statements . . . made by the defendant" to law enforcement; (2) grand jury transcripts; (3) "names and adequate contact information for all persons other than law enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto, including a designation by the prosecutor as to which of those persons may be called as witnesses"; (4) "[a]ll statements . . . by persons who have evidence or information relevant to any offense charged or to any potential defense thereto, including all police reports, notes of police and other investigators, and law enforcement agency reports"; and (5) "[a]ll tapes or other electronic recordings, including all electronic recordings of 911 telephone calls made or received in connection with the alleged criminal incident" (CPL 245.20 [1] [a]-[c], [e], [g]). Further, the prosecution "shall make a diligent, good faith effort to ascertain the existence of material or information" now automatically discoverable (CPL 245.20 [2]). With the exception of statutorily-exempted materials, "[w]hen the prosecution has provided the discovery required by [CPL 245.20 (1)], . . . it shall serve upon the defendant and file with the court a certificate of compliance" (CPL 245.50 [1]).
"To incentivize the People's compliance with these procedures, the enactments tie their discovery obligations to trial readiness under CPL 30.30" (see Bay, 41 NY3d at 208, citing CPL 30.30 [5]; NY Senate Debate on 2019 NY Senate Bill S1509C, Mar. 31, 2019 at 2615; People v Gaskin, 214 AD3d 1353, 1353-1354 [4th Dept 2023]). Specifically, "[t]he legislature {**42 NY3d at 435}tethered [these] discovery obligations to CPL 30.30's speedy trial requirements . . . through both the enactment of CPL 245.50 (3) and amendments to CPL 30.30 itself" (id. at 209-210, citing CPL 245.50 [3]).
Section 30.30 (5) of the CPL, in turn, provides that "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20 of this chapter and the defense shall be afforded an opportunity to be heard on the record as to whether the disclosure requirements have been met" (CPL 30.30 [5]). Thus, if the prosecution fails to file a valid certificate within the period provided in CPL 30.30 (1), the action may be dismissed upon defendant's CPL 30.30 motion, regardless of any prejudice to the defendant (see Bay, 41 NY3d at 214, citing People v Hamilton, 46 NY2d 932, 933-934 [1979]).
In brief, the discovery regime is intended to ensure the prosecution's timely compliance with broad discovery obligations that levels the playing field. The penalty of a speedy-trial dismissal is critical to achieving that goal.
[*5]
II.
Defendant was charged with attempted homicide and several assault-related counts in September 2018. A grand jury indicted defendant in March 2019 and he was arraigned on the indictment the following month. Under CPL 30.30 (1), the prosecution had "six months" from commencement of the prosecution to declare readiness for trial (CPL 30.30 [1] [a]). In March and April 2019, the prosecution announced that it was ready for trial. In May 2019, defendant requested disclosure of several items, including "[a]ny 911 tapes." On November 26, 2019, the court set the trial for January 27, 2020, almost one month after the effective date of the discovery reform law.
On the first day of trial, defense counsel informed the court that the prosecution had attempted to serve him earlier that morning with a certificate of compliance in accordance with newly-enacted CPL 245.50, but that he "rejected" the certificate given the prosecution's failure to comply with its discovery obligations. Defense counsel submitted a motion to dismiss pursuant to CPL 30.30. The prosecution countered that defendant was not entitled to dismissal because the time before the new law's January 1, 2020 effectiveness date was governed by the earlier regime. The court denied the motion.
Defendant was convicted on all counts except for attempted homicide, but the Appellate Division reversed, granted defendant's{**42 NY3d at 436} CPL 30.30 motion, and dismissed the indictment. The Court concluded that CPL article 245, as amended, applied to all actions pending as of January 1, 2020, and therefore the prosecution was subject to its discovery requirements within the applicable speedy trial period (see 216 AD3d 1400, 1403-1406). One Justice dissented (see id. at 1408-1409 [Ogden, J., dissenting]) and subsequently granted the prosecution leave to appeal. The prosecution argues that CPL article 245 and its CPL 30.30-based enforcement mechanism are not retroactive. This argument is both misplaced and meritless.
III.
The issue before us is easily decided based on our well-settled rules of statutory interpretation. "[T]he plain meaning of the statutory text is the best evidence of legislative intent and, in fact, the only authoritative basis for interpretation" (People v Cahill, 2 NY3d 14, 117 [2003]). "Indeed, '[a]s a general rule, unambiguous language of a statute is alone determinative' " (People v Galindo, 38 NY3d 199, 203 [2022], quoting Riley v County of Broome, 95 NY2d 455, 463 [2000]). Accordingly, "courts should construe unambiguous language to give effect to its plain meaning" (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]).
Section 245.50 (3) provides that, "[n]otwithstanding the provisions of any other law, . . . the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate [of compliance]" with its statutorily mandated discovery obligations (CPL 245.50 [3]). This requirement went into effect on January 1, 2020 (L 2019, ch 59, § 1, part LLL, § 14) and the legislature made no exception for cases previously filed and pending.
The majority notes that the effectiveness of CPL article 245 did not "undo the People's prior readiness statements" (majority op at 
428). I agree, but that observation is irrelevant because the question is not whether the prosecution was ready before January 1, 2020, but whether "notwithstanding the provisions of any other law" the prosecution had complied with its new automatic discovery obligations such that it was in a position to file a valid certificate of readiness and thus was ready for trial by January 15, 2020 (CPL 245.50 [1], [3]).
Although the prosecution's prior state of readiness is not at issue on this appeal, the majority uses that prior status as a point of departure and then builds on a false premise that the{**42 NY3d at 437} legislature did not "revert the People to a state of unreadiness on January 1, 2020" (majority op at 
428). Again, that is an illogical reading of the statute because, by its terms, the statute prospectively imposes discovery obligations and procedural requirements that only went into effect on January 1st and thus do not change or nullify any prior conduct by the prosecution.
Nor would reading the statute as imposing new discovery reforms, backed by the sanction of dismissal under CPL 30.30 as of January 1, 2020, render CPL 245.50 (3) retroactive, as the majority suggests. For sure, " '[i]t is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it' " (Galindo, 38 NY3d at 207, quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]). However, unless they effect a substantive change in rights, newly-enacted procedural rules apply to all pending matters (Simonson v International Bank, 14 NY2d 281, 289 [1964]; Matter of Berkovitz v Arbib & Houlberg, Inc., 230 NY 261, 270 [1921, Cardozo, J.]). The CPL discovery reforms are demonstrably procedural in nature. They do not affect the existing rights of the parties or the merits of the prosecution. A straightforward application of the entire package of [*6]reforms beginning on its well-publicized effective date would not "reach backward, and nullify by relation the things already done" by, for instance, imposing new obligations pre-January 1, 2020, or leveling sanctions for actions taken or not taken in the past (Matter of Berkovitz, 230 NY at 270).
The majority attempts to sidestep these obvious defects in its analysis by disavowing that its decision has any bearing on "how CPL article 245's disclosure requirements apply to cases commenced before January 1, 2020" (majority op at 
428 n 2). At best, this assertion ignores the inextricability of the discovery obligations and COC requirement and, as a corollary, the practical import of the majority's own holding. Yanking this vital thread from the scheme's fabric effectively unravels the new substantive duties the legislature imposed and undermines the goals the legislature had in mind when formulating and enacting the scheme.
Effectively, the majority decouples the prosecution's discovery obligations from the consequences for noncompliance—a reading of the legislative scheme that finds no support in the plain{**42 NY3d at 438} text or history of the relevant statutory provisions, established canons of construction, our case law, or logic. This contrived dissection of the legislation's components meant to work in tandem with one another defeats its purpose of ensuring timely, complete, and open discovery by artificially severing the connection between automatic disclosure and prosecutorial readiness for speedy trial purposes that we recently acknowledged (see Bay, 41 NY3d at 208-209). Because the majority's atomized alternative to the scheme the legislature enacted is contrary to our law and undermines the salutary purpose of the discovery reforms, I dissent.
Judges Garcia, Cannataro, Troutman and Halligan concur. Chief Judge Wilson concurs in result in an opinion. Judge Rivera dissents and votes to affirm in an opinion.
Order reversed, defendant's motion to dismiss the indictment pursuant to CPL 30.30 denied, and case remitted to the Appellate Division, Fourth Department, for consideration of the facts and issues raised but not determined on appeal to that Court.

Footnotes

Footnote 1:As limited by the briefs, the People appeal only from the Appellate Division order reversing the judgment and dismissing the indictment.

Footnote 2:Because applying the plain language of the COC requirement resolves the issue in this appeal, we have no occasion to address how CPL article 245's disclosure requirements apply to cases commenced before January 1, 2020, or how the COC requirement applies to such cases where there is no prior readiness statement (compare Wilson, Ch. J., concurring op at 
431 [arguing that defendants in such cases are not entitled to any mandatory discovery under CPL art 245], with Rivera, J., dissenting op at 
436-437 [arguing that all such cases are subject to the COC requirement]).

Footnote *:Thus, if well in advance of January 1, the People had provided all the discovery that was required under the new regime (whether in anticipation of that regime or by happenstance) and had declared trial readiness under the old regime without any objection by a defendant, the dissent would dismiss the indictments in all such cases where the People did not thereafter timely file a certificate of good-faith compliance with the new discovery requirements. Although it is possible the legislature meant to require the dismissal of all such cases for a completely nonsubstantive clerical failure, my interpretation avoids that result by imposing clear line of demarcation based on the date of filing: under my approach, there would be no cases straddling January 1.