People v King (2024 NY Slip Op 03931)

People v King

2024 NY Slip Op 03931

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, MONTOUR, AND OGDEN, JJ.

94/23 KA 20-00330

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALVIN KING, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SUSAN M. NORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered February 20, 2020. The judgment convicted defendant upon a jury verdict of assault in the second degree, criminal possession of a weapon in the third degree, endangering the welfare of a child (two counts), menacing in the second degree (two counts), menacing a police officer or peace officer and resisting arrest. The judgment was reversed by order of this Court entered May 5, 2023 (216 AD3d 1400), and defendant on August 1, 2023 was granted leave to appeal to the Court of Appeals from the order of this Court, and the Court of Appeals on June 18, 2024 reversed the order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (— NY3d — [June 18, 2024]). 
Now, upon remittitur from the Court of appeals and having considered the facts and issues raised but not determined on the appeal to this Court,
It is hereby ORDERED that upon remittitur from the Court of Appeals, the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the definite sentences imposed on counts 4 and 5 of the indictment shall run concurrently with each other and with the sentences imposed on the remaining counts of the indictment and as modified the judgment is affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v King, — NY3d &mdash, 2024 NY Slip Op 03322 [June 18, 2024], revg 216 AD3d 1400 [4th Dept 2023]). We previously reversed the judgment convicting defendant, upon a jury verdict, of, inter alia, one count of assault in the second degree (Penal Law
§ 120.05 [2]), two counts of endangering the welfare of a child
(§ 260.10 [1]), and one count of menacing a police officer or peace officer (§ 120.18); granted that part of defendant's motion seeking to dismiss the indictment pursuant to CPL 30.30; and dismissed the indictment (King, 216 AD3d at 1408). The conviction arose from a series of events during which defendant, among other things, stabbed his estranged wife several times. A majority of this Court concluded that the People were not timely ready for trial because, despite the People's prior declaration of readiness, "upon the effective date of CPL article 245, the People were returned to a state of unreadiness, and the People's subsequent attempt to serve and file a certificate of compliance did not occur until after the time to declare trial readiness had expired" (id. at 1401-1402). One Justice dissented, concluding that the People complied with their obligations to be ready for trial as required under the prior version of CPL 30.30 when they announced their trial readiness and that the new legislation did not affect that prior state of readiness (King, 216 AD3d at 1408-1409 [Ogden, J., dissenting]). The Court of Appeals reversed our order reversing the judgment and dismissing the indictment, stating that the "People [were] not required to fulfill a prerequisite to declaring trial readiness when they ha[d] already [*2]validly declared ready for trial" and, thus, the People were not chargeable for any delay after the effective date of the amendments and remained within the applicable statutory speedy trial limit (King, — NY3d at &mdash, 2024 NY Slip Op 03322, *2). The Court of Appeals remitted the matter to this Court "for consideration of the facts and issues raised but not determined" previously (id.).
We reject defendant's contention that Supreme Court abused its discretion in refusing to impose sanctions for the prosecutor's failure to disclose in a timely manner recordings of 911 calls and photographs (see CPL former 240.20 [1] [c]; People v Benitez, 221 AD2d 965, 966 [4th Dept 1995], lv denied 87 NY2d 970 [1996]). Here, the prosecutor complied with the discovery statute then in effect, and defendant failed to establish that any delay in disclosure substantially prejudiced him (see People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]; People v Cooper, 134 AD3d 1583, 1585 [4th Dept 2015]).
We reject defendant's further contention that the evidence is legally insufficient to support the conviction of menacing a police officer or peace officer. Defendant's intent may be inferred from the totality of his conduct (see People v Ferguson, 177 AD3d 1247, 1248 [4th Dept 2019]), which included brandishing a large knife, swinging the knife and refusing multiple commands to drop the knife. Thus, contrary to defendant's contention, there is a valid line of reasoning and permissible inferences from which a rational jury could have found that defendant intentionally placed or attempted to place the subject police officer in reasonable fear of physical injury (see Penal Law
§§ 10.00 [9]; 120.18; People v Thomas, 174 AD3d 1430, 1431-1432 [4th Dept 2019]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We also reject defendant's contention that the sentence is unduly harsh and severe. We agree with defendant, however, that the court erred in directing that the definite sentences imposed on the two counts of endangering the welfare of a child shall run consecutively to each other and to the sentences imposed on the remaining counts (see Penal Law § 70.35; People v Abuhamra, 107 AD3d 1630, 1631 [4th Dept 2013], lv denied 22 NY3d 1038 [2013]). We therefore modify the judgment accordingly.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court