People v Perry (2025 NY Slip Op 01733)

People v Perry

2025 NY Slip Op 01733

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

96 KA 23-01726

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON PERRY, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (James A. Vazzana, A.J.), rendered August 2, 2021. The judgment convicted defendant after a nonjury trial of offering a false instrument for filing in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]), defendant contends that Supreme Court erred in denying his motion to dismiss the indictment on speedy trial grounds pursuant to CPL 30.30. The motion was based on defendant's claim that the People failed to comply with their discovery obligations under CPL 245.20, thus rendering their certificate of compliance invalid and their statement of readiness illusory. We reject defendant's contention.
This case was commenced before CPL article 245 took effect on January 1, 2020, and the People announced readiness for trial in court on December 23, 2019. Thus, even assuming, arguendo, that the People were required to comply with the discovery obligations set forth in CPL 245.20 (see People v King, 42 NY3d 424, 428 n 2 [2024]), the People were not required to file a certificate of compliance (COC) to stop the speedy trial clock (id. at 428). "Because the legislature established the COC requirement as a condition precedent to declaring ready for trial and did not indicate an intent to undo the People's prior readiness statements, there is no basis to apply that requirement prospectively to a case such as the present one where the People were in a trial-ready posture when it went into effect" (id.). Stated otherwise, the People did not revert to a state of unreadiness when article 245 became effective on January 1, 2020. Although, assuming again that they were required to comply with the discovery obligations set forth in CPL 245.20, the People committed a discovery violation by failing to turn over certain evidence in a timely manner, the court precluded the People from using such evidence at trial, which is an appropriate sanction under CPL 245.80.
Defendant's further contention that the evidence is legally insufficient is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that "there is a valid line of reasoning and permissible inferences from which a rational [factfinder] could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). Finally, viewing the evidence in light of the elements of the crime in this nonjury trial (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court