People v Fox (2025 NY Slip Op 02459)

People v Fox

2025 NY Slip Op 02459

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

188 KA 22-01617

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HEATHER M. FOX, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered October 4, 2022. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her, following a jury trial, of burglary in the third degree (Penal Law § 140.20). The conviction arises from allegations that defendant entered a Walmart store with an intent to commit a crime therein and with knowledge that she had been banned from entering any Walmart store. According to evidence adduced at trial, defendant was issued a written notice (notice) in 2013 stating that she was banned from all Walmart stores until the ban was rescinded. A loss prevention officer was present when defendant was given the notice and witnessed her sign it.
In 2019, defendant entered a Walmart store and attempted to steal over $450 in merchandise, as evidenced by surveillance footage and the testimony of a loss prevention officer who discreetly followed her around the store. Defendant placed numerous items in her cart and purse and passed the last point of sale without paying for any of the merchandise. A loss prevention officer testified that the notice had not been rescinded. Due to the existence of the notice, defendant was charged with burglary in the third degree (Penal Law § 140.20), i.e., for knowingly entering or remaining unlawfully in a building with intent to commit a crime therein. The notice was the basis for defendant's alleged unlawful entry, and the crime she allegedly intended to commit upon entry was larceny.
On appeal, defendant contends that County Court erred in refusing to dismiss the superior court information on speedy trial grounds pursuant to CPL 30.30. According to defendant, the People failed to comply with their discovery obligations under CPL 245.20 (1) (c), and such failure rendered their certificate of compliance (COC) invalid and their statement of readiness illusory, thus resulting in more than six months being chargeable to the prosecution under CPL 30.30. Because the People announced readiness for trial before CPL article 245 took effect, however, they were not required to file a COC (see People v King, 42 NY3d 424, 427-428 [2024]). Thus, even assuming, arguendo, that the People were required to comply with CPL 245.20 (1) (see King, 42 NY3d at 428 n 2), we conclude that any alleged discovery violation did not affect defendant's right to a speedy trial (see People v Perry, — AD3d —, —, 2025 NY Slip Op 01733, *1; see also CPL 245.50 [3]).
Defendant further contends that the court erred in admitting the notice in evidence at trial. We reject that contention. The testimony of the loss prevention officer who was present when defendant signed the notice established all of the foundational requirements for a business record (see CPLR 4518 [a]; CPL 60.10; People v Brown, 13 NY3d 332, 341 [2009]; see generally [*2]People v Kennedy, 68 NY2d 569, 579-580 [1986]). Although defendant challenges the timing of the execution of the document based on alleged alterations made to the month the document was signed, any issues regarding a potential change to the month of execution go to the weight to be afforded the document and not its admissibility (see generally CPLR 4518 [a]; People v Klein, 105 AD2d 805, 806 [2d Dept 1984], affd 65 NY2d 613 [1985]).
We also reject defendant's contention that the evidence is legally insufficient to establish that she knew that she was banned from entering Walmart and intended to commit a crime at the time of entry. Inasmuch as a "[d]efendant's criminal intent may be inferred from the totality of [her] conduct" (People v Colon, 201 AD3d 1345, 1346 [4th Dept 2022], lv denied 38 NY3d 949 [2022]; see generally People v Irvine, 197 AD3d 988, 990 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]), we conclude, upon viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), that the evidence is legally sufficient to establish that defendant entered the Walmart unlawfully with an intent to commit a crime therein (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). For the same reasons, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe.
With respect to defendant's contention that the court erred in denying her CPL 330.30 motion to set aside the verdict on the grounds of juror misconduct, we conclude that remittal is warranted. According to defendant, sworn allegations from one juror established that two other jurors "improperly inserted specialized knowledge and experience" in an effort to influence the verdict. The court denied defendant's motion, without a hearing, on the ground that the reporting juror's credibility was "suspect." The court did not reach the issue whether the juror's allegations, if true, warranted a hearing, nor did the court address whether the two jurors, assuming they said the things attributed to them by the reporting juror, "put the jury in possession of evidence not introduced at trial," thereby improperly influencing the jury (People v Brown, 48 NY2d 388, 393 [1979]; see People v Maragh, 94 NY2d 569, 573-574 [2000]).
Inasmuch as the only reason offered by the court for denying defendant's motion was its determination that the reporting juror's allegations lacked credibility, we are precluded from affirming on any other ground (see People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 473-474 [1998], rearg denied 93 NY2d 849 [1999]; see generally CPL 470.15 [1]). While we agree with the court that some of the allegations made by the reporting juror are belied by the record, her statements regarding what transpired in the jury room are not "impossible of belief because [they were] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Stroman, 83 AD2d 370, 373 [1st Dept 1981] [internal quotation marks omitted]; see People v Walker, 155 AD2d 916, 916 [4th Dept 1989], lv denied 75 NY2d 819 [1990]). We thus conclude that the court erred in denying the motion on the ground that the juror's sworn allegations are unworthy of belief. As a result, we hold the case, reserve decision, and remit the matter to Ontario County Court "to rule upon any other issues raised by the People in opposition to the motion" (People v Schrock, 99 AD3d 1196, 1197 [4th Dept 2012]; see People v Johnson, 103 AD3d 1202, 1204 [4th Dept 2013], lv denied 21 NY3d 912 [2013]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court