People v Barrios-Cajilima (2025 NY Slip Op 04015)

People v Barrios-Cajilima

2025 NY Slip Op 04015

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-06282
 (Ind. No. 963/19)

[*1]The People of the State of New York, respondent,
v
Juan Carlos Barrios-Cajilima, appellant.

Richard M. Langone, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and John B. Latella III of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered July 15, 2022, convicting him of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On June 10, 2019, a superseding indictment charged the defendant with two counts of course of sexual conduct against a child in the first degree and two counts of endangering the welfare of a child. The People filed a certificate of readiness for trial on June 17, 2019, and a certificate of compliance on January 27, 2020. In or about February 2022, the defendant moved pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The defendant contended, inter alia, that the People's certificate of compliance was improper and their certificate of readiness for trial was illusory because the People had failed to disclose two written witness statements prior to filing their certificate of compliance, and therefore, more than six months were chargeable to the People under CPL 30.30. By order dated March 29, 2022, the Supreme Court denied the motion, finding, among other things, in effect, that the People's certificate of compliance was proper. The defendant subsequently pleaded guilty to the indictment.
In felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the action (see id. § 30.30[1][a]; People v Serrano, 234 AD3d 879, 882). "Before 2020, '[n]othing in the speedy trial statute linked . . . discovery obligations to the People's readiness for trial under CPL 30.30'" (People v King, 42 NY3d 424, 427, quoting People v Bay, 41 NY3d 200, 207). However, "[o]n January 1, 2020, amendments to New York's discovery (CPL art 245) and statutory speedy trial (CPL 30.30) rules went into effect, and the old discovery rules (CPL former art 240) were repealed" (id. at 426, citing L 2019, ch 59, § 1, parts KKK, LLL). The amendments "'imposed new automatic disclosure requirements' and 'tied these discovery obligations to trial readiness under CPL 30.30'" (id. at 427, quoting People v Bay, 41 NY3d at 208 [alterations and citations omitted]).
Here, the People declared their readiness for trial in June 2019, before the amendments to New York's discovery (CPL art 245) and statutory speedy trial (CPL 30.30) rules took effect on January 1, 2020. The defendant does not contest that when the People declared ready for trial in June 2019, the speedy trial clock had not yet run. Therefore, even assuming that the People were required to comply with the disclosure requirements of CPL article 245 (see People King, 42 NY3d at 428 n 2), the People did not revert to a state of unreadiness when the discovery reform amendments took effect (see id. at 427-428; People v Fox, 237 AD3d 1523; People v Perry, 236 AD3d 1463, 1464; People v Graham, 233 AD3d 1361, 1365; People v Cotto, 231 AD3d 1356, 1361; People v Law, 231 AD3d 1306, 1309). As a result, the People were not required to file a certificate of compliance and any alleged discovery violation did not affect the defendant's right to a speedy trial (see People v King, 42 NY3d at 427-428; People v Fox, 237 AD3d 1523).
The defendant's remaining contentions are partially unpreserved for appellate review and, in any event, without merit. The People's remaining contentions need not be addressed in light of our determination.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment, albeit for a different reason than that stated by the court.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court