People v Campbell (2025 NY Slip Op 04352)

People v Campbell

2025 NY Slip Op 04352

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

481 KA 21-01584

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHEZERE L. CAMPBELL, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered September 14, 2021. The judgment convicted defendant upon his plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that County Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds and that he was deprived of effective assistance of counsel. Defendant further contends that both of those contentions survive his waiver of the right to appeal. Even assuming, arguendo, that defendant's contentions are not encompassed by his waiver of the right to appeal, we conclude that they lack merit.
Defendant's speedy trial motion was based on an alleged failure of the People to comply with their discovery obligations under CPL article 245, which took effect on January 1, 2020, several weeks after the People announced readiness for trial. Although it is an open question whether the CPL article 245 disclosure requirements apply to cases commenced before January 1, 2020 (see People v King, 42 NY3d 424, 428 n 2 [2024]), it is clear that the People were not required to file a certificate of compliance as a condition precedent to declaring readiness for trial, and they did not revert "to a state of unreadiness" when article 245 took effect (id. at 428). Thus, although the People's alleged discovery violation may have warranted a sanction under CPL 245.80, depending on whether defendant was prejudiced thereby (see generally People v Gaskin, 214 AD3d 1353, 1355 [4th Dept 2023]), it provided no basis on which to dismiss the indictment pursuant to CPL 30.30 (see People v Fox, 237 AD3d 1523, 1524 [4th Dept 2025]; People v Perry, 236 AD3d 1463, 1464 [4th Dept 2025], lv denied 43 NY3d 1011 [2025]).
Defendant's remaining contention is that he was deprived of effective assistance of counsel because defense counsel failed to subpoena certain medical records of the victim in a timely manner and may have failed to preserve his speedy trial contention for our review. We reject that contention. Defense counsel did preserve the speedy trial claim, and, inasmuch as counsel obtained the relevant medical records in time for trial and before defendant decided to plead guilty, defendant was not prejudiced by any delay in obtaining the records (see generally People v Benevento, 91 NY2d 708, 713-714 [1998]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defendant received meaningful representation (see People v Gross, 26 NY3d 689, 696 [2016]; People v Baldi, 54 NY2d 137, 147 [1981]).
We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court