People v Warren (2025 NY Slip Op 05391)

People v Warren

2025 NY Slip Op 05391

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

685 KA 21-01731

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON P. WARREN, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered November 18, 2021. The judgment convicted defendant, upon a jury verdict, of driving while ability impaired. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]).
Defendant contends that his speedy trial rights were violated inasmuch as the People failed to timely comply with certain discovery obligations. We reject that contention. This case was commenced before CPL article 245 took effect on January 1, 2020, and the People announced readiness for trial on September 20, 2019. Prior to January 1, 2020, "[n]othing in the speedy trial statute linked CPL article 240's discovery obligations to the People's readiness for trial under CPL 30.30" (People v Bay, 41 NY3d 200, 207 [2023]). Thus, to the extent that the People violated their discovery obligations under CPL former 240.20, County Court had the discretion to impose an appropriate sanction (see CPL former 240.70 [1]), but any such discovery violation did not implicate CPL 30.30 (see Bay, 41 NY3d at 207; People v McCullars, 126 AD3d 1469, 1471 [4th Dept 2015], lv denied 25 NY3d 1167 [2015]; People v Runion, 107 AD2d 1080, 1080 [4th Dept 1985]). Contrary to defendant's further contention, the People's September 20, 2019 statement of readiness was not illusory based on their failure to comply with certain discovery obligations under CPL former article 240 (see People v Alicea, 109 AD2d 1083, 1083 [4th Dept 1985], affd 66 NY2d 529 [1985]). The case was therefore in a trial-ready posture as of January 1, 2020 (see People v King, 42 NY3d 424, 428 [2024]), and "the People were not required to file a certificate of compliance . . . to stop the speedy trial clock" (People v Perry, 236 AD3d 1463, 1464 [4th Dept 2025], lv denied 43 NY3d 1011 [2025]). Assuming, arguendo, that the People were required to comply with the discovery obligations set forth in CPL 245.20 and that they thus committed a discovery violation in failing to turn over certain evidence in a timely manner, we note that the court imposed an appropriate sanction under CPL 245.80 (see Perry, 236 AD3d at 1464).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the traffic infraction as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Scott, 189 AD3d 2110, 2111 [4th Dept 2020], lv denied 36 NY3d 1123 [2021]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence included the arresting officer's testimony that when he encountered defendant, defendant's eyes were bloodshot and watery, his breath smelled of alcohol, and he failed a series of field sobriety tests (see Scott, 189 AD3d at 2111).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court