People v Sumler (2025 NY Slip Op 05355)

People v Sumler

2025 NY Slip Op 05355

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, GREENWOOD, AND NOWAK, JJ.

634 KA 22-01360

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NAQUAN SUMLER, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered August 3, 2022. The appeal was held by this Court by order entered June 14, 2024, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (228 AD3d 1350 [4th Dept 2024]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law former § 130.35 [1]), burglary in the first degree (§ 140.30 [2]), aggravated criminal contempt (§ 215.52 [1]), criminal contempt in the first degree (§ 215.51 [b] [v]), assault in the third degree (§ 120.00 [1]), burglary in the second degree (§ 140.25 [2]), and stalking in the fourth degree (§ 120.45 [1]).
When the appeal was previously before us, we rejected defendant's other contentions and then considered his contention that County Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (People v Sumler, 228 AD3d 1350, 1350-1355 [4th Dept 2024]). In particular, defendant contended that the People's failure to disclose existing disciplinary records of potential law enforcement witnesses for use as impeachment materials (see CPL 245.20 [former (1) (k)]) rendered any certificate of compliance (COC) filed pursuant to CPL 245.50 improper and thereby rendered any declaration of trial readiness made pursuant to CPL 30.30 illusory and insufficient to stop the running of the speedy trial clock (Sumler, 228 AD3d at 1353). We noted that, in denying the motion to dismiss, the court had determined that the People complied with the discovery mandates of CPL 245.20 (Sumler, 228 AD3d at 1354). We also noted, however, that the People in this case had used a screening committee to review law enforcement disciplinary records, which we had recently held was not authorized by the statute (id.). We determined that the court had therefore erred in denying the motion on the basis that the People complied with their discovery obligations under CPL 245.20 (Sumler, 228 AD3d at 1354). We further noted that, in light of the court's determination, it had not considered "whether the People exercised due diligence within the meaning of CPL 245.50, that is, whether they made reasonable efforts to comply with [the] statutory directives, and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery" (id. [internal quotation marks omitted]; see People v Bay, 41 NY3d 200, 211 [2023]). We therefore held the case, reserved decision, and remitted the matter to County Court "to determine the motion after further submissions, if warranted" (Sumler, 228 AD3d at 1355).
Upon remittal, the People contended in reliance on the Court of Appeals' intervening decision in People v King (42 NY3d 424 [2024]) that the COC prerequisite to declaring trial readiness did not apply inasmuch as they had validly announced that they were ready for trial before the effective date of the relevant amendments to the discovery (CPL art 245) and statutory speedy trial (CPL 30.30) statutes and that the court should deny defendant's motion to dismiss [*2]the indictment on statutory speedy trial grounds. Although defendant disputed the People's contention, the court denied the motion, determining in relevant part that, pursuant to King, the People remained ready for trial under the circumstances presented and had not been required to file a COC to stop the speedy trial clock.
We reject defendant's contention on resubmission that the court erred in denying the motion on that basis. It is undisputed that the case was commenced and that the People validly announced readiness for trial before CPL article 245 took effect on January 1, 2020. "Because the legislature established the COC requirement as a condition precedent to declaring ready for trial and did not indicate an intent to undo the People's prior readiness statements, there is no basis to apply that requirement prospectively to a case such as the present one where the People were in a trial-ready posture when it went into effect" (King, 42 NY3d at 428). In other words, the People "did not revert to a state of unreadiness when article 245 became effective" and "were not required to file a [COC] to stop the speedy trial clock" (People v Perry, 236 AD3d 1463, 1464 [4th Dept 2025], lv denied 43 NY3d 1011 [2025]; see King, 42 NY3d at 428; People v Fox, 237 AD3d 1523, 1524 [4th Dept 2025]). Thus, even assuming, arguendo, that the People were required to comply with CPL 245.20 (former [1]) (see King, 42 NY3d at 428 n 2), we conclude that any alleged discovery violation did not affect defendant's statutory right to a speedy trial (see Fox, 237 AD3d at 1524; Perry, 236 AD3d at 1464; see also CPL 245.50 [former (3)]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court